1  Bruce Cornelius, of counsel - Bar #065525
   Michael D. Mandell, of counsel - Bar #209486
2  **BELZER & MURRAY LLP**
   3650 Mt. Diablo Boulevard, Suite 180
3  Lafayette, California 94549
   Telephone: (925) 283-9977
4  Facsimile: (925) 283-5192

5  Attorneys for Secured Creditor
   PRIVATE CAPITAL FUND, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| In re: | **Case No. 17-43041 WJL 11** |
| TWILA LAWSHAWN LANKFORD, | Chapter 11 |
| Debtor. | |
| TWILA LAWSHAWN LANKFORD, | **Adv. Proc. No. 18-04057** |
| Plaintiff, | |
| v. | |
| LAVETTE LANKFORD and TRECINE LANKFORD, | |
| Defendants. | |

**RESPONSE OF SECURED CREDITOR
PRIVATE CAPITAL FUND, LLC TO JOINT SCHEDULING STATEMENT
OF PLAINTIFF AND DEFENDANT IN ADVERSARY PROCEEDING**

**DATE: JULY 18, 2018
TIME: 10:30 A.M.
PLACE: COURTROOM 220—JUDGE LAFFERTY**

1

Private Capital Fund, LLC ("PCF") a Secured Creditor in the Chapter 11 case of Twila Lashawn Lankford (Northern District CA BK case No. 17-43041 WJL 11) submits the following Opposition Status Conference Statement in Adversary Proceeding Case No. 18-04057 in response to the Joint Scheduling Statement filed by Debtor Twila Lankford and claimant/defendant Lavette Lankford in this matter (incorrectly identified as Adv. Proc. No. 18-04067):

1. PCF is the holder of a senior deed of trust encumbering real property and improvements commonly identifed as 2116-2118 High Street, Oakland, CA ("Property"). The senior deed of trust, recorded September 14, 2013 in the Official Records of Alameda County, was executed jointly by Twila Lashawn Lankford ("Debtor"), Trecine Lamont Lankford and Lavette Deatra Lankford (all siblings) and is security for a line of credit in the original amount of $250,000 executed by Debtor in September 2013. The present principal balance owed on the line of credit is $245,337.34. The loan matures on October 1, 2019.

2. The subject loan became delinquent approximately one year ago. A Notice of Default and Election to Sell was recorded by PLM Loan Management Service, Inc., the Trustee named in the Deed of Trust, on September 8, 2017. The Debtor filed her Chapter 11 Petition on December 6, 2017. Debtor filed the instant Adversary Proceeding on March 9, 2018.

3. As of this date, the subject loan is delinquent for the payment due July 1, 2017 and all subsequent monthly payments. The total monthly payment delinquency, inclusive of default interest, penalties, property tax advances, late charges, attorney's fees and foreclosure fees is over $87,200 as of July 1, 2018.

4. In September 2017, PCF made advances for property taxes unpaid by the co-owners, including Debtor, in the amount of $52,254.17 for prior years' unpaid property taxes; and $18,034.01 for the 2016-2017 property taxes assessed to the Property. Neither Debtor nor any co-owner has paid the second installment of 2017-18 property taxes assessed to the Property in the amount of $6.799.64.

5. PCF is advised that Debtor is not in possession or control of the Property. Instead it is managed by Lavette Lankford. Lavette has made sporadic payments to PCF over

2

the past seven months, totaling $27,500—far less than the in excess of $87,200 delinquency.

6. The Property is improved by an eight unit apartment complex which is capable of generating more than $8,000 in monthly rental income.

7. This Court originally directed Debtor's counsel, Lawrence Szabo, to file the instant adversary proceeding in order to cause the Property to be sold, pay off the delinquent indebtedness owed to PCF and hold the balance to be administered in the Chapter 11 case. This solution was deemed more expeditious than appointing a Trustee; the fact is that Debtor does not have possession of the Property or its cash flow despite her status as a co-owner of the Property and the Debtor-in-Possession.

8. Although PCF believed that the appointment of a Trustee would better secure the Property and preserve the cash flow generated thereby, PCF accepted the solution of a prompt sale of the Property by means of the Adversary Proceeding.

9. The Joint Scheduling Statement filed by Mr. Szabo and Mr. Matthew Webb[1] (newly hired counsel for Lavette Lankford) throws the solution of a prompt sale of the Property through the Adversary Proceeding into disarray. The Joint Scheduling Statement contends that the parties need seven months to conduct discovery regarding the ownership status of the Property. They ask that discovery remain open to February 2019; they fail even to suggest a trial date. At a bare minimum, that puts a possible trial date well beyond one year from the filing and service of the Adversary Proceeding. Meanwhile, Lavette apparently is in control of PCF's cash collateral that is additional security for PCF's loan; cash flow that is also potentially an asset of the Chapter 11 Estate; all without accounting responsibility of any kind. PCF objects to any continuance of this status quo for another nine-plus months while the Property is left with no controls over its operation or cash flow.

10. Lavette's 'end game' is also unclear. The Joint Scheduling Conference Statement states that Lavette asserts that she is the sole owner of the Property. Should she

---

[1] PCF notes that its Trustee's Sale Guarantee obtained when the Notice of Default was recorded reveals that Mr. Webb holds an abstract of judgment recorded against the Property. Mr. Webb thus not only represents a party alleging sole ownership of the Property, but is a secured creditor against the Property—certainly appearing to hold an irreconcilable conflict of interest.

3

prevail in such contention, and the Property thereby be no longer property of the Estate, PCF would be entitled immediately to publish a Notice of Trustee's Sale and foreclose on the Property, not only because of the $86,200 (and rising) monetary default, but because a transfer of title to the Property solely to Lavette would trigger the 'due on sale' clause contained in the Deed of Trust—an incurable default thereunder.

11. For all of the foregoing reasons, PCF requests that the Court require that the parties to the Adversary Proceeding set and complete a trial on the merits by no later than the end of the calendar year 2018.

Dated: July 16, 2018

Respectfully submitted,

BELZER & MURRAY LLP

By: /s/ Bruce Cornelius
Bruce Cornelius, of Counsel
Attorneys for Secured Creditor
Private Capital Fund, LLC